# IN RE GASSENHEIMER.

CRIMINAL PROCEDURE; RULES OF COURT; CHANGE OF VENUE; APPELLATE
PRACTICE; SPECIAL APPEALS.

1. *Quære,*—Whether common-law rule 111 of the supreme court of the District of Columbia, providing that the common-law rules of that court shall apply to and govern the practice in the criminal branches of that court so far as applicable, makes sec. 4 of common-law rule 53 of that court, providing that on the setting aside of the verdict in any case the justice who presided may, of his own motion, or at the request of either party, transfer the case for retrial to another justice, applicable to criminal cases as well as civil; whether rule 53 is mandatory, and requires the transfer of the case upon the request of a party; and whether that rule has been superseded by sec. 67, D. C. Code, which provides for the transfer of causes by one justice of that court for trial by another, by mutual consent and arrangement between them, "except that a criminal case can only be certified for trial from one criminal court to another criminal court."

2. A change of venue at common law was to prevent a trial before a jury drawn from a community so infected with prejudice against the party applying for it that he might not expect a fair and impartial trial, and did not imply a change of the presiding judge. There seems to have been no rule of the common law permitting the transfer of a case for trial before another judge because of the alleged prejudice or bias of the judge before whom the cause was originally depending.

3. A special appeal from an interlocutory order in a criminal case will not be allowed by this court, except in a case of exigency. (Following *Ainsworth* v. *United States,* 1 App. D. C. 520.)

4. An appeal from an interlocutory order of the trial justice in a criminal case, applied for by the accused, *denied,* where the order was one overruling a motion under rule 53 of the lower court, to transfer the case to another justice of that court upon the ground of prejudice and bias displayed by the justice while presiding at a former trial, as evidenced by his manner in delivering an instruction to the jury, and where it appeared that the only other criminal court to which the case might have been transferred was presided over by a justice, who, having been prosecuting attorney when the indictment was found, was disqualified to hear the case.

5. The provinces of the judge and the jury are distinct and well defined, and any act of usurpation committed by the judge, as well as any error in law or procedure, may be excepted to and made the subject of review on appeal, where it can be corrected.

No. 203. Original. Submitted December 10, 1904. Opinion filed December 13, 1904.

HEARING on an application by the accused in a criminal prosecution for the allowance of a special appeal to this court from an interlocutory order of the Supreme Court of the District of Columbia.                      Denied.

The facts are sufficiently stated in the opinion.

*Mr. Henry E. Davis* for the application.

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. James S. Easby-Smith,* Assistant United States Attorney, opposed.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an application for a special appeal from an order of the justice of the supreme court of the District, presiding in special term for the trial of criminal cases, refusing to transfer the case for trial before some other justice of said court.

It appears that the applicant, Samuel Gassenheimer, had been brought to trial in said court on November 28, 1904, and that the jury had been discharged after failure to agree upon a verdict. The district attorney then gave notice that he would ask for another trial within a week. Later the case was set down for another trial on December 7, 1904. On that day the trial was postponed to enable the attorney for the defendant to attend upon the trial of a cause before one of the other justices.

December 9 the case was again called, when the defendant moved the court to transfer the same for trial before another justice, under sec. 4 of common-law rule 53 of the said supreme

court. He accompanied the motion with an affidavit, which, after reciting the general facts above stated, concluded with these words: "Throughout the trial aforesaid, and especially in delivering to the jury the last part of the instruction immediately preceding, the said justice manifested what I am constrained respectfully to characterize as marked and manifest feeling, prejudice, and bias against me." It is unimportant to copy the instruction quoted, and sufficient to say that it contains a statement of the law which the said justice deemed applicable to the evidence that had been introduced, and nothing more. No other act or thing done or said has been stated that would tend to show any feeling on the part of the trial justice. The general statement of the manner of the justice presents nothing tangible. The justice denied the motion, assigning his reasons therefor as follows:

"Section 67 of the Code provides that a criminal case can only be certified for trial from one criminal court to another criminal court.

"My opinion of the duty of a judge at common law upon the filing of such an affidavit as this is that it is to be governed by one of two considerations.

"If the judge suspects that he is prejudiced in a way that might possibly affect the rights of a party litigant, then he ought, in fairness, to transfer that cause to some other judge to be tried, if there be one who can try it in the jurisdiction.

"Secondly, if on the filing of an affidavit of this sort, although the judge be satisfied that he is not at all prejudiced in the case, yet if he believe that the affidavit is filed in good faith, and if there can be a transfer to another judge in the jurisdiction which will accommodate a reasonably early trial, that he ought, in fairness, to transfer the cause, if the nature of it is such as that he is called upon to pass, especially on any question of fact, to some other judge in order only to accommodate the result that the defendant may believe that he has had a fair trial.

"This affidavit is untrue in stating that the justice now speaking directed this cause to be set for trial on Wednesday.

This affidavit is also inaccurate in so far as it undertakes to set forth the charge of the court, although the charge of the court was taken by a stenographer and is here transcribed. There are other inaccuracies in the affidavit which circumstances do not call upon me to point out now.

"I am not conscious of any prejudice against the defendant. My purpose in refusing the application of the district attorney to continue the case until after the beginning of the year was that I thought under the circumstances both the government and the defendant were entitled to have this cause disposed of finally, one way or the other.

"If I were called upon to pass on any question of fact in the case, although I was conscious of an utter absence of prejudice against the defendant, I would not be disposed to try it, because the finding of a judge upon a question of fact could not be reviewed; but I cannot be called upon to pass on any question of fact, inasmuch as the jury is present for that purpose. All that I may be called upon to decide are questions of law, concerning which, if I decide them erroneously, the right of appeal preserves every right of the defendant in so far as his rights can be affected by any decision of this court during the trial.

"If I were able to lead my mind to believe that this affidavit is made in good faith by the defendant, I should be very slow to try him. I am not able to find my mind of that opinion, and therefore, unpleasant as the duty may be, it is my duty to proceed with the trial of the case, and it will be so ordered.

"The motion is overruled."

Section 67 of the Code provides for the transfer of causes by one justice of the supreme court for trial before another, by mutual consent and arrangement between them, "except that a criminal case can only be certified for trial from one criminal court to another criminal court."

It appears that the justice presiding in the other criminal court is disqualified to try said cause, because he was the district attorney at the time of the presentation of the indictment. The rule upon which the applicant relied for the order of transfer was promulgated by the supreme court of the District, sit-

ting in general term, on January 4, 1896. Section 4 of that rule reads as follows: "In any case where a verdict has been rendered by a jury, and has been set aside by the justice presiding at the trial, or the jury have failed to agree and have been discharged, and said cause shall again stand for trial before the same justice, the said justice may, of his own motion or at the request of either party, pass an order transferring said cause for retrial to another justice engaged in the trial of civil causes by jury. Provided, that any application for such transfer by either party shall be made with due diligence, and not for the purpose of delay."

We shall not now undertake to decide whether the general terms of common-law rule 111 of the supreme court of the District[*] make sec. 4 of rule 53, aforesaid, applicable to criminal cases as well as civil, or whether said rule has been superseded by sec. 67 of the Code. Nor shall we now decide whether said rule 53 is mandatory and requires the transfer of a case upon request of a party.

All of these questions may arise upon the hearing of a case upon appeal after final judgment.

Changes of venue founded on certain conditions of local prejudice were known to the common law, and have been provided for, it is believed, by statute in every State of the Union. The object was to prevent a trial before a jury drawn from a community so infected with prejudice against the party that he might not expect a fair and impartial trial. This change of venue does not imply a change of the presiding judge, who frequently holds the criminal courts of several counties in one circuit or district. Such change of venue is, of course, impossible of attainment in the District of Columbia. There seems to have been no such rule of the common law permitting the transfer of a case for trial before another judge because of the alleged prejudice or bias of the judge before whom the cause was regularly depending. The Code of the District makes no pro-.

[*]The rule referred to is as follows: "111. The common-law rules shall apply to and govern the practice in the criminal courts so far as applicable."—REPORTER.

vision looking to such a contingency, and rule 53, aforesaid, does not mention it. Of course, if that rule was intended to be mandatory there was no occasion to specify any special ground of its application.

We are then confronted with the question whether we shall exercise the discretion confided to this court in the matter of granting applications for special appeals from interlocutory orders in criminal as well as in civil cases, and grant this application.

In a former case we had occasion to say: "To afford facility to the allowance of appeals in criminal cases from mere interlocutory judgments would greatly obstruct and delay, and in many cases seriously embarrass, if not entirely defeat, the fair and speedy administration of the criminal law in this District. We must avoid producing such a result." *Ainsworth* v. *United States,* 1 App. D. C. 518, 520.

To the rule enounced in that case there has been constant adherence. Here the delay might be great, not only because of the time that would ensue in this court before a final adjudication could be had, but also because the only other criminal term of the supreme court, to which the statute requires that all transfers shall be made, is presided over by a justice who was the United States district attorney when the indictment against the applicant was found.

Inasmuch as the applicant has presented no occurrence on the trial and no act of the trial justice tending to show an exhibition of feeling, bias, or prejudice, save such as he alleges may be inferred from a charge which is confined to stating that justice's view of the law applicable to the evidence, we do not think that there is such a case of exigency as to require us to entertain this appeal and delay the trial which is now waiting on the disposition of this application.

In our system the provinces of the judge and jury are distinct and well defined. Any act of usurpation committed by the judge, as well as any error in law or procedure, may be excepted to and made the subject of review on appeal where it can be corrected.

In this case should the applicant be convicted he will have his right to appeal; and on that appeal he will have a hearing on every question affecting the fairness and impartiality of the trial, including, also, the question of the construction of the rule under which he has demanded that his case be transferred to another justice for trial.

For obvious reasons we refrain from comment upon the conditions presented farther than necessarily required.

The application is *denied.*